**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KARL BJORK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:26-cv-00432** |
| **v.** | ) | **District Judge Trauger** |
| | ) | **Magistrate Judge Hill** |
| **CHAD YOUKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT CHAD YOUKER'S MOTION TO DISMISS**

Comes Chad Youker, individually and in his official capacity as an employee of Williamson County, Tennessee, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and respectfully moves this Court to dismiss the claims against him.

For cause, Defendant would show that Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). An inmate must complete the jail's administrative process before bringing suit, which Plaintiff did not do. Additionally, Plaintiff's First Amendment and RLUIPA claims fail to state a claim upon which relief could be granted.

Plaintiff's First Amendment free exercise claim against Youker in his individual capacity is barred by qualified immunity because the Complaint does not include factual allegations of specific conduct plausibly making out a violation of clearly established federal law. Plaintiff's First Amendment free exercise rights were not violated. Plaintiff cannot cite to controlling law constitutionally requiring that Plaintiff be given a Bible or A.A. Book at the government's expense.

Plaintiff's claims against Youker in his official capacity, which are functionally claims against Williamson County, also fail. Plaintiff's First Amendment claim against the County fails. Even if the Complaint can be read to satisfy *Monell's* requirements for pleading municipal liability, and even if the Court finds a violation of Plaintiff's First Amendment rights (which Defendant argues did not occur), the claims against Williamson County should be dismissed because any such right was not clearly established. Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) fails because he has not alleged facts showing a substantial burden to his religious exercise. If Plaintiff's RLUIPA claim survives, his claim for money damages under RLUIPA should be dismissed because RLUIPA does not permit claims for money damages.

Plaintiff's state law claim premised on Tenn. Code Ann. § 41-21-211 fails because the statute does not create a private right of action. Alternatively, the Court should decline to exercise supplemental jurisdiction over such claim.

For the foregoing reason and as more specifically outlined in the Memorandum of Law filed herewith, Defendant Chad Youker respectfully requests that the claims against him in both his individual and official capacities be dismissed.

Respectfully submitted,

/s/Lee Ann Thompson
Lee Ann Thompson, BPR# 28040
**BUERGER, MOSELEY & CARSON, PLC**
*Attorney for Defendant Chad Youker*
4068 Rural Plains Circle, Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Email: lthompson@buergerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and mailed via USPS Priority Mail on the 4th day of August 2026 to:

Karl Bjork, # 167949
BCCX
1045 Horsehead Rd.
Pikeville, TN 37367

/s/Lee Ann Thompson