RECEIVED

SEP 03 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KARL BJORK, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:26-cv-00432 |
| v. | ) | District Judge Trauger |
| | ) | Magistrate Judge Holmes |
| CHAD YOUKER, | ) | |
| Defendant. | ) | |

# AFFIDAVIT OF CHAD YOUKER

Chad Youker, being first duly sworn deposes and says:

1. I am over the age of eighteen (18), have personal knowledge of the facts set forth WHAT PERSONAL KNOWLEDGE?!? below, and am competent to testify. The statements in this Affidavit are true to the best of my knowledge and belief. HOW DO YOU KNOW THE FACTS? YOU DON'T INTERACT WITH INCARCERATED CITIZENS! YOU ARE A LIAR! SAY THIS ON THE STAND!!!

2. I am a Captain in the Detention Division of the Williamson County Sheriff's Office ("WCSO"). WHEN DID YOU REMOVE THE PAPER BIBLES, DONATED BY THE CHURCH, FROM CHRISTIANS? WHAT DATE DID YOU START THE INITIATIVE?

3. I am a Custodian of Records for the Williamson County Sheriff's Office. I am a duly authorized custodian of records and I have authority to certify the records of the Williamson County Sheriff's Office. All documents referenced in this Affidavit were prepared by or filed with the Williamson County Sheriff's Office. All documents made by the Williamson County Sheriff's Office that are referenced in this Affidavit were made at or near the time by—or from information transmitted by—someone with knowledge; were kept in the course of a regular conducted activity of the Williamson County Sheriff's Office; and the making of such records was a regular practice of that activity. YOU, AS CUSTODIAN OF RECORDS, SHOULD BE ABLE TO PROVIDE RECORDS TO SUBSTANTIATE ALL OF YOUR FALSE CLAIMS! I ASK YOU TO DO SO!, TODAY!



PROVIDE COPIES OF ALL D-BOARD [illegible], AND VIDEO FOOTAGE OF [illegible] INCIDENTS!

I WAS INCARCERATED AT WCSO JAIL 10-10-23 TIL 10-2-24 THEN RETURNED 2-23-25

MR. KARL ALLEN BJORK ENTERED ON 10-10-23!

5. Mr. Bjork entered Williamson County Jail on February 23, 2025. AFTER BEING KICKED OUT OF MCRRC!

THAT DATE I RETURNED FROM MCRRC!

6. Mr. Bjork was released from Williamson County Jail on June 2, 2026. SENT TO PRISON AS PUNISHMENT LIKE "THE HOLE"!

WCSO GUARDS TRANSPORTED ME TO BCCX!

7. The grievance procedures for the Jail are set forth in General Order 10.18.003. A

THERE IS NO COPY OF THIS FOR INCARCERATED CITIZENS TO VIEW!

true and correct copy of the version of General Order 10.18.003 in effect on January 18, 2025 is attached hereto as Exhibit A. I HAVE NEVER SEEN THIS GENERAL ORDER, WHERE IS MY ACCESS TO YOUR POLICIES & PROCEDURES. I ASKED FOR THEM!

8. A true and correct copy of the version of General Order 10.18.003 in effect on March 30, 2026 is attached hereto as Exhibit B. I HAVE NEVER HAD ACCESS TO THIS POLICY EITHER. THOUGH I ASKED LT. DRISKILL FOR TCI POLICIES!

9. A true and correct copy of all grievances filed by Bjork from February 23, 2025 to June 2, 2026 attached hereto as Exhibit C. WHAT ABOUT ANYTHING FROM 10-10-23 UNTIL 10-2-24 WHEN I LEFT WCSO JAIL FOR TREATMENT PURSUANT TO 21ST DISTRICT RECOVERY COURT AT MCRRC (MORGAN COUNTY RESIDENTIAL RECOVERY COURT OR CENTER)!

FURTHER AFFIANT SAITH NOT.

2226

Chad Youker

STATE OF TENNESSEE )
COUNTY OF WILLIAMSON )

Sworn to and subscribed before me this 3rd day of August, 2026.

Kelly Dawn Bennett
Notary Public

My Commission Expires: November 14, 2028

KELLY DAWN BENNETT STATE OF TENNESSEE NOTARY PUBLIC WILLIAMSON COUNTY

WHAT DOES IT MEAN IF HIS "TRUTH" IS FALSE OR WRONG??!?



Mr. Karl Bjork, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KARL BJORK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:26-cv-00432** |
| **v.** | ) | **District Judge Trauger** |
| | ) | **Magistrate Judge Holmes** |
| **CHAD YOUKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**DEFENDANT CHAD YOUKER'S AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS**

---

# EXHIBIT A

# WILLIAMSON COUNTY SHERIFF'S OFFICE
# GENERAL ORDER

| | |
|---|---|
| WILLIAMSON COUNTY SHERIFF'S OFFICE (seal: Dusty Rhoades, State of Tennessee, Sheriff, 2019) | **SUBJECT: Inmate Grievance Procedures**<br>**GENERAL ORDER: 10.18.003**<br>**PAGES: 3**<br>**TLEA STANDARDS:**<br>**EFFECTIVE/AMENDED DATE: 11/21/2019** IT'S NOW 2026!<br>Robert M. Rhoades (signature)<br>**AUTHORIZED SIGNATURE** — **NEW** — XX **AMENDED** |

I'VE NEVER SEEN THIS TIL TODAY, 8-19-26!
(signature)

**PURPOSE**

This facility provides a grievance procedure for all inmates to support inmate rights to due process and to assist in the operation of a safe, secure, and well-disciplined environment for inmates as well as deputies and staff. Acts which constitute grounds for initiation of a grievance include:

A. Violations of civil rights; MY GRIEVANCES ABOUT CIVIL RIGHTS VIOLATIONS WERE DENIED!

B. Criminal acts; LT LOCKHART, ASSAULTED ME ON 12-29-25, WHILE MY HANDS WERE CUFFED!

C. Unjust denial or restriction of inmate privileges; and

D. Prohibited acts by facility staff. I WAS LOCKED IN "THE HOLE" FROM 12-29-25 TIL 3-4-26 AND AGAIN ON 4-9-26 TIL I WAS TRANSPORTED TO BCCX ON 6-2-26! I'M CURRENTLY PURSUING (8) LAWSUITS IN FEDERAL DISTRICT COURT!

**POLICY**

In support of orderly and safe inmate housing conditions, the Williamson County Sheriff's Office (WCSO) maintains an inmate grievances system consistent with due process. EXCEPT THE STAFFS PROCESS IS TO IGNORE AND DENY AND MISQUOTE POLICY AS IF THEY CAN NOT BE WRONG AS GUARDS!!!

**PROCEDURES**

Grievance procedures established by the WCSO consist of the following steps:

A. The inmate discusses the problem verbally with a deputy or other staff member. Usually, these complaints are communicated verbally with a deputy having contact with the inmate during routine supervision. Where and when possible, the deputy receiving the grievance may address the complained of condition directly. Emergency grievances, in which delay in handling could



WHEN I DID THIS WITH GUARD MATHIS HE HAD HIS TRAINEE WRITE ME UP FOR INTERFERING WITH THE DUTIES OF A GUARD, WHEN I WAS ASKING WHY I COULD NOT HAVE A PAPER BIBLE TO READ AS I WORKED THE NIGHT SHIFT!!!

result in personal injury or other damages to the inmate, will be handled expeditiously. Deputies are encouraged to use their own initiative to resolve issues that are within their authority and to consult a supervisor when necessary. MATHIS' RESPONSE WAS CONFRONTATIONAL AND LED TO ME BEING WRITTEN UP AND LOSING THE TABLET (BIBLE) FOR 5 DAYS!

B. Deputies shall document, in the appropriate logbook, inmate grievances that are communicated verbally and the action taken in response.
GRIEVANCE TO MATHIS IS LOGGED WHERE & WHERE? I WOULD LIKE TO SEE THE LOGBOOK!

C. If the problem cannot be resolved through informal discussions or the inmate wishes to document the grievance for additional consideration, the inmate submits a written grievance to the Jail Administrator and/or Designee.
WHEN I TRIED TO DO THIS IN "THE HOLE" NO ONE WOULD TOUCH THE PAPER GRIEVANCE!!?

D. Formal grievances are filed using the kiosk system, and an inmate may ask for assistance from deputies or other inmates by typing out the grievance on the kiosk system. A grievance must be presented on the form within seven (7) days of the occurrence. In the event the kiosk system is down, deputies will conduct rounds throughout the facility giving inmates the opportunity to drop written grievances into a grievance drop box. The grievance drop box will then be sent to the Jail Administrator or designee who will review the filed grievances. The grievance must: THIS IS ON BODY CAMS! THIS IS A GREAT POLICY ON PAPER BUT IS ALL LIES!, WHEN IT COMES TO APPLICATION IN THE WCSO JAIL! JUST LOOK AT MY GRIEVANCES!!!

a. Be in writing;

b. Clearly define the situation in question and the facts upon which it is based;

c. Specify the wrongful act or situation, and describe the harm done;

d. Arise out of any act or failure to act by the WCSO;

e. Address a matter within the control of the facility;

f. Request a remedy that is within the power of the facility to grant;

g. Be submitted within seven (7) days of the occurrence;

h. Include a copy of any written supporting documents or pertinent discussion, decision and justification; and

i. Specify a requested remedy.

15 DAYS TO RESPOND, BUT LINDQUIST & DRISKILL SAID THERE IS NO TIME CONSTRAINT! THEY MAKE UP THEIR OWN RULES TO FOLLOW!

E. A response to the grievance will be presented to the inmate in writing, no later than fifteen (15) days from the date the grievance was submitted. The Jail Administrator and/or Designee will provide for meaningful relief of a substantiated grievance (i.e., reinstatement of good time, additional visitation privileges). Retaliation against inmates related to the filing of grievances is strictly prohibited and in the event that an employee engages in such action, disciplinary action will be taken, up to and including dismissal from employment. WRIGHT, LOCKHART, FAIRCHILD!

F. If the inmate desires additional consideration, the final step in the grievance process is an appeal to the Division Lieutenant or Designee on the same grievance form or format. The Division Lieutenant or Designee has fifteen (15) days to respond, and the decision of the Division Lieutenant or Designee is final. NO MORE APPEALS? I AM DONE!

G. The facility will maintain records of grievances filed by inmates in accordance with applicable law. FOR HOW LONG?

THIS YOUR HONOR IS WONDER IN CONCEPT, BUT IN APPLICATION THE WCSO JAIL, FROM HEAD GUARD CHAD YONKER DOWN MISUSE THEIR AUTHORITY WITHOUT RISK OF REPRISAL UNTIL NOW! I WILL BE SHINING THE LIGHT OF TRUTH ON THE WCSO JAIL AND WILLIAMSON COUNTY CIRCUIT COURT SYSTEM AND THE ABUSES OF LAW, POWER, & CIVIL RIGHTS AGAINST US CITIZENS OF THESE UNITED STATES! GOD BLESS THE US!



I SWEAR UNDER OATH OF PERJURY THAT WHAT I SAY IS TRUTH AND NOT SAID TO COVER UP MY ACTIONS AS CHAD YONKER IS DOING, NOW! CHECK BODY CAMS! [signature]

included in the original grievance may not be raised or considered on appeal. An appeal must be filed within five (5) days of receipt of the initial response. The Division Captain or their designee has fifteen (15) days to respond, and the decision of the Division Captain or their designee is final.

F. The facility will maintain records of grievances filed by inmates in accordance with applicable law.



This Is A Wonderfull Idea And If The Jail Actually Followed This Policy, Grievances would Be Addressed, within 15 Days And US Citizens' Rights Of Civil Law Would NOT Be Violated! However, That Is Not What Happens At WCSO Jail!

Please, View My Grievances/Requests And The Answer From Ms Lower Staff, Lt Linquist & Lt Driskill, That There Is NO Time Limit To Answer Grievances/Request!

They Are Ignorant Or Liars!

As You Can See By My Many Request/Grievances The WCSO Jail Staff Does NOT Follows Its Own Policy!

Who Police The Police ??!?

Not The Circuit Court System They Are Even More Corrupt! WHY ???!

LEGAL MAIL!

MR. KARL ALLEN BJÖRK, 167949 PRO SE
TTCC 140 MACON WAY
HARTSVILLE, TN 37074

NASHVILLE TN
1 SEP 2026 PM

US POSTAGE IMI PITNEY BOWES
ZIP 37074 $ 001.36⁰
02 4W
0000363323 AUG. 31 2026

RECEIVED
SEP 0 3 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

US DISTRICT COURT OF THE MIDDLE
DISTRICT OF TENNESSEE AT NASHVILLE
719 CHURCH ST STE 1300
NASHVILLE, TN 37203

37203-709525

LEGAL MAIL FROM TTCC SENT, ON 8-29-26!